## JOHN NELSON *v.* THE STATE.

1. CRIMINAL PROCEDURE. *Instructions. Waiver of error.*
   Instructions for the State in a capital case will not be considered by the appellate court, unless objected to when given or made grounds for a motion for a new trial.

2. SAME. *Curing an erroneous charge by good ones.*
   An erroneous charge for the prosecution will not cause the reversal of a death sentence if the instructions for the accused so clearly explain the law that the jury cannot be misled.

3. SAME. *Evidence. Relevancy disclosed after exclusion.*
   A State's witness cannot be asked by the accused the feeling between him and his wife, whom the testimony shows that he murdered, but after his evidence discloses that her death was accidental he may re-introduce the witness.

4. SAME.  *Introduction of testimony.   Waiver of right to re-examine.*
   If the defendant fails to ask leave to re-examine the State's witness in order to repeat the question, he cannot, after being convicted of murder, successfully assail the verdict because of the refusal to permit the question at the earlier stage of the trial.

APPEAL from the Circuit Court of Monroe County.

HON. J. W. BUCHANAN, Judge.

The appellant was convicted of murdering his wife, Morgie Nelson, and sentenced to death.  Nancy Troupe, the only witness of the occurrence, testified for the State that he came into a pen where his wife was milking a cow, and approaching her rapidly, put the gun which he was carrying to his shoulder and shot her, and after she fell struck her on the head.  At this point the accused asked the witness: "What was the state of feeling between the deceased and the accused at the time of the shooting?" The district attorney objected to the question.  The court sustained the objection and the defendant excepted.  Further testimony to the effect that the accused fled was introduced by the State, and after proving that the wounds on the woman's body, when examined after her death, consisted of bruises on the head, lacerations of the right arm below the elbow, and shot holes through the body, ranging upward from the waist to the shoulder-blade, the prosecution closed.  The accused then testified in his own behalf that he was upon the best of terms with his wife, whom he loved, and used to bring her parcels from town ; that on this occasion he was carrying his gun and approached to hand her a package ; that she asked him to let her shoot the gun and he refused, but she caught it, and the lock becoming entangled in his coat, the accident resulted; that he was shocked when he saw his wife dead, and asked Nancy Troupe what he should do, and by her advice he attempted to escape.  Several witnesses testified that the accused was an inoffensive man of peaceable habits and good reputation, and with the evidence that he was taller than his wife the accused rested his case.

The court charged for the State as follows: " 1.  That if the jury believe from the testimony that the defendant, John Nelson, shot and killed Morgie Nelson, then they should find the defendant

guilty, unless the testimony in the case satisfies the minds of the jury
that the gun was accidentally discharged and not with the intent
to kill and murder." " 2. That a reasonable doubt is not a con-
jecture or a possibility, but such a doubt as would reasonably arise
from all the evidence." " 3. That the jury are the sole judges of
the credibility of the witnesses and may take into consideration all
the testimony as detailed by the witnesses on the stand, the interest
any witness may have in the result of the case, and may believe
one witness and disbelieve another witness altogether." Under the
defendant's objection the court gave for the State the following
charge : " 4. The law presumes the defendant to be innocent of the
crime charged until the contrary is made to appear, but when it is
shown that he killed the deceased with a deadly weapon the gen-
eral presumption of innocence yields to the specific proof of such
homicide, and the law infers malice, and therefore murder," and to
this action of the court the defendant immediately excepted.

For the defendant the court instructed as follows : " 1. The court
charges the jury that the character of the prisoner is a fact for the
consideration of the jury in the case, and the jury will consider this
with the other facts and circumstances of the case." " 2. The jury
are the judges of the evidence, and they must take into considera-
tion all the testimony adduced before them, giving to it that weight
of which it is worthy, and in so doing they must consider that of
the defendant, and if they believe from all the evidence in the case
that the defendant did not with malice aforethought kill and mur-
der his wife, Morgie Nelson, they must acquit the defendant as
charged." " 3. The court charges the jury that to constitute the
crime of murder the killing must be done with malice aforethought
and premeditation, and if they believe from all the testimony in the
case that the defendant did not design and meditate with a malicious
intent the murder of Morgie Nelson, they must acquit the defend-
ant as charged." " 4. It is incumbent on the State to make out
its case by indisputable proof and to establish beyond a reasonable
doubt all the necessary averments in the indictment. Therefore it
is necessary for the State to prove malice as averred, and if this is
not proved to the satisfaction of the jury, from all the testimony,

beyond all reasonable doubt, they must acquit the defendant as charged." " 5. In considering the circumstances of the homicide as disclosed by all the evidence, the jury is to keep in view the rule that, if from a consideration of all the evidence there exists a reasonable doubt as to the character of the killing, it must be resolved in favor of the accused." " 6. That every person is presumed to be innocent until the contrary is proved, and unless the jury believe from the evidence beyond all reasonable doubt that John Nelson with malice aforethought killed and murdered the deceased, they will acquit the defendant as charged." " 7. That if the jury believe from the testimony that the killing of the deceased by defendant was the result of accident, they will acquit the defendant." " 8. That if the jury believe from the evidence that there was no motive or criminal intention at the time of the killing on the part of the defendant, and that the shooting was accidental, they will acquit the defendant."

The defendant's motion for a new trial upon the grounds that the court excluded evidence of the state of feeling existing between the defendant and the deceased prior to the killing and up to that time, and that the court gave the fourth charge for the State, was overruled, and the defendant excepted and tendered his bill of exceptions setting out the foregoing facts.

*Murphy & Walker*, for the appellant.

1. The court erred in excluding the question proposed to be put to the only witness for the prosecution who saw the occurrence as to what was the state of feeling between the defendant and his wife. It is shown that he was a peaceable, law-abiding man. He testifies that the killing was accidental. No motive is shown for the act, and he had a right to prove by this witness that he was on good terms with his wife up to the moment that she was killed. His own testimony was necessarily received by the jury with suspicion, but a statement from Nancy Troupe that he approached his wife in a good state of feeling would have gone far to show that the killing was accidental and this woman mistaken.

2. The fourth instruction for the State was erroneous. To constitute murder there must be malice aforethought. To convict, all

the essential ingredients of the crime must be proved. *Stokes* v. *People*, 53 N. Y. 179 ; *Maher* v. *People*, 10 Mich. 218. Under this instruction the burden of proving the absence of malice devolved upon the defendant, which is not warranted by any combination of circumstances or authorized by any judicial decision. On this point the attention of the court is called to the following authorities : *People* v. *McCann*, 16 N. Y. 58 ; *Coffee* v. *State*, 3 Yerg. 283 ; *Fouts* v. *State*, 8 Ohio 98 ; *Cunningham* v. *State*, 56 Miss. 268 ; *Harris* v. *State*, 47 Miss. 328 ; *Commonwealth* v. *Kimball*, 24 Pick. 366 ; *West* v. *State*, 1 Wis. 186.

3. The evidence is insufficient to sustain a verdict of guilty. We cannot photograph the vindictive and acrimonious manner of Nancy Troupe, but trust to the observation of this court to detect the inherent improbability of the story which she invented. There is no evidence of malice save the mere fickle presumption arising from the killing with a deadly weapon, which killing we admit. On the part of the defendant it was shown and undisputed that up to the killing they were on very good terms ; that, according to promise, he came to bring her a package. One circumstance is conclusive of the case : Nancy Troupe said that he put the gun to his shoulder and shot her. The appellant testified that she caught hold of the gun. The shot holes through the body ranged upward, and the accused was taller than his wife. It was impossible for the wound to have been given in the manner stated by Nancy Troupe.

*T. C. Catchings,* Attorney General, for the State.

1. The testimony shows a most outrageous murder. The accused gives an account of the killing which is wholly improbable. He is contradicted by the testimony of an eye-witness, who tells how it was done plainly and without circumlocution. If the shooting was accidental, how are we to account for the bruises which the witnesses found upon and about the head of the slain woman ? The witness, Nancy Troupe, says that after shooting his wife the accused struck her over the head with his gun once or twice. This accounts for the bruises ; the testimony of the accused does not account for them.

2. There was no error in excluding the question as to the state.

of feeling between the accused and his wife. It was not proposed, so far as the question indicates, to show that the accused and the deceased were living together upon pleasant terms. The witness was asked : "What was the state of feeling between deceased and accused at the time of the shooting ?" Inasmuch as the existence or want of motive to commit a crime alleged is always a legitimate subject of inquiry (*People* v. *Robinson*, 1 Park. Cr. 655), it would have been competent to show that their relations were friendly and agreeable, for that might have tended to show an absence of motive to commit the homicide, but that was not the effort made.

3. The objection to the fourth charge for the State would be entitled to some consideration, perhaps, if it stood alone. The instruction is based upon *Hawthorne* v. *State*, 58 Miss. 787, and as far as it goes is couched in the precise language of this court, but it omits the qualification stated in that case, that the inference from the use of a deadly weapon only prevails where the attendant circumstances are not shown, and that where they are shown the character of the killing must be determined by considering them. Taken, however, in connection with the second, third, fourth, fifth, sixth, seventh, and eighth charges given for the defendant, there is no error. Together the instructions in the case expound the law with great precision.

COOPER, J., delivered the opinion of the court.

The instructions for the State were not apt under the facts of this case, but none of them save the fourth was objected to in the court below when given or made the foundation of the motion for a new trial. This instruction was calculated to prejudice the defendant, but the instructions asked and given for the defendant so clearly and fully explained the law that we do not think it possible the jury was in the least misled. The testimony for the State and that of the defendant is in direct conflict. If the jury believed the State's witness, a clear case of murder was shown. If it believed the accused, no offense whatever was made out. From the verdict it is evident that credence was given to the State's witness, and this being the case, the fourth instruction was harmless.

The objection to the question propounded to the witness for the State by the defendant was rightly sustained. At the time it was asked the testimony given unmistakably showed a case of murder; this being shown, it was immaterial what the feelings between the parties had been. At a subsequent stage of the proceedings, and after the testimony for the defendant had disclosed his theory of the killing, viz.: that it was accidental, the court permitted him to state that he and the deceased were on friendly terms. The defendant should then have asked leave to re-examine the State's witness for the purpose of putting the question again to her. Having failed to do this, he cannot complain; the action of the court, which was right at the time it was taken, was not made error by subsequent developments.

*Judgment affirmed.*