HENRY JONES *v.* ILLINOIS CENTRAL RAILROAD CO.

1. PERSONAL PROPERTY. *Dog.*

   A dog is property under the laws of this state, for any injury to which an action is maintainable by the owner.

2. RAILROADS. *Liability for killing of dog. Unlawful speed of train. Instruction. Code* 1892, § 3546.

   When a dog has been killed in attempting to run under a train that was, at the time, passing through an incorporated town at an unlawful rate of speed, in a suit by the owner, the question of whether or not the injury is attributable to the speed of the train is one for the determination of a jury, and a peremptory charge to find for the railroad company is erroneous.

FROM the circuit court of Yalobusha county.
HON. Z. M. STEPHENS, Judge.
The facts are stated in the opinion of the court.

*Brewer & Wilson,* for appellant.

The railroad company was violating the law at the time they killed the dog (sec. 3546, code of 1892), and in doing so they did it at their peril. *Railroad* v. *Toulme,* 59 Miss., 284. On page 288, same case, the court uses this language: " Railroad companies, in running their trains through incorporated towns,

act at their peril in exceeding the speed prescribed, and are liable for all damages resulting from such excess of speed, whether it be done while such speed is maintained or by reason of having been maintained it has become impossible to check the train in time to avoid the collision.'' We think every contention in this case has been put to rest in *Railroad Co.* v. *Mc-Gowen*, 62 Miss., 682.

We submit that if the train had been running at no greater rate of speed than that allowed by law, the animal would never have been injured. The employes could have prevented a collision with it, and it was their duty to keep a lookout at a crossing and use due diligence to prevent injury to property. We have shown that they were negligent and that the train killed the dog, and we submit that it was a duty imposed upon them by law to have shown something sufficient to exculpate themselves.

If the court should hold that it is necessary that the injury should have been caused by the negligence of the company, we submit that showing that the animal was killed by the running of the train met that burden, and if they rely upon that defense they must show that if the train had been running at a lawful rate of speed, and keeping a proper lookout at a popular crossing in a city, that it would not have occurred; and this, we submit, was a question for the jury.

*Mayes & Harris*, for appellee.

While contributory negligence cannot be attributed to brutes, and the case at bar is within the statute which renders the railroad company liable for damages to persons or property caused by locomotives or cars while running at a greater rate of speed than six miles an hour, within the corporate limits of a city or town, it is very well settled in this state that the letter of the law does not govern, because, in the case of persons, although injured by a train running at a greater rate of speed than six miles an hour, within the corporate limits of a city or town, the defense of contributory negligence is permitted, and

a recovery cannot be had for the injury of a person, if his own negligence contributed to the injury. This, of course, is tantamount to saying that, in case of a person injured, he cannot recover if the speed of the train is not the proximate cause of the injury; in other words, that, notwithstanding the speed of the train, the party would not have been injured but for his negligence contributing thereto. So, we say, the letter of the law does not control. Now, in this case, it is perfectly manifest that the particular rate of speed of the train is not the proximate cause of the injury, and that the injury would have occurred in this case, whatever might have been the rate of speed of the train at the time. In other words, the accident here complained of is not within the spirit or meaning of the law; nor is it one which was contemplated by the makers of the law. The speed of the train was not regulated with reference to animals or persons passing under the train while in motion. The statute is a police regulation, for the protection of the lives of people in the towns and villages, and, as a penalty, it was declared that for any injury sustained to persons or property while the train was so running, the railroad company should be liable. This means, of course, for those injuries that might have been caused, or might have been effected by the rate of speed at which the train was moving, and could not have reference to those unforeseen occurrences as to which the rate of speed cuts no figure.

Argued orally by *E. L. Brewer*, for appellant, and by *J. B. Harris*, for appellee.

TERRAL, J., delivered the opinion of the court.

Henry Jones sued the Illinois Railroad Company in the sum of $195, damages for the killing of his dog, Tag. The evidence for the plaintiff showed the dog was a valuable one for small game, and was worth $100. The value of the dog is undisputed, and is not controverted. The only witness of Tag's

death was Patty Jones, who testified she was at Block's crossing, within the corporate limits of Water Valley, when she was stopped from crossing the railroad by a long freight train which was then rapidly passing through the city at the speed of about fifteen miles per hour, when Tag came along and attempted to cross under the passing train somewhere near the middle of the train, and was unfortunately killed. The circuit court gave a peremptory instruction for the defendant.

We incline to the opinion that a dog is property, within the meaning of the statutes of this state upon that subject (*Sentell* v. *Railway Co.*, 166 U. S., 698; *Hanks* v. *Railway Co.*, 11 L. R. A., 383; 3 Elliott on Railroads, sec. 1190), and whether the running of the train at a greater speed than six miles per hour was the cause of the killing of the dog, is, we think, a question for the jury. It is in evidence that the dog was killed by the train while running at a greater speed than six miles per hour, and this evidence casts the burden upon the defendant of showing that the running of the train at a greater speed than six miles per hour was not the cause of the killing of the dog.

*The judgment of the circuit court is reversed, and the case is remanded for a new trial.*