JACKSON ELECTRIC RAILWAY, LIGHT & POWER COMPANY *v.* ARTHUR N. WAYCASTER.

.[46 South., 135.]

STREET RAILWAY. *Operation. Dog killed on track. Liability. Case.*

An electric street railway company is liable for the killing of a dog,. run over by its trolley car on a public street in the suburbs of a city, where the car, rapidly moving, followed the dog running down hill along the center of the track in front of the car and in full view for one hundred and fifty yards, the employes of defendant simply ringing the bell, but doing nothing to get the car well under control until too late to save the animal.

FROM the circuit court of, first district, Hinds county.

HON. WILEY H. POTTER, Judge.

Waycaster, appellee, was plaintiff in the court below, and the electric railway company, appellant, defendant there. From a judgment for $125 in plaintiff's favor, defendant appealed to the supreme court.

Plaintiff sued the defendant for killing his dog. The evidence disclosed that the dog was seen by the defendant's motorman in charge of an electric car, when about seventy-five yards. distant, the animal trotting along upon the railway track on a public street in the suburbs of Jackson; that the motorman sounded his gong, or bell, but the dog paid no attention thereto

continuing to run along the track ahead of the moving car for about one hundred and fifty yards. The car was going down grade, the track being wet, on a damp morning, and the motorman, when within half a car's length of the dog, attempted for the first time to prevent running over the animal, but was then unable to prevent the accident. It was shown in evidence that a motorman could have stopped the car in one and a half or two cars' length, under ordinary conditions. The case was tried before the circuit judge, a jury being waived by the parties.

*Williamson, Wells & Peyton,* for appellant.

The only difference between the present case and that of *Mobile, etc., R. R. Co.* v. *Holliday,* 79 Miss., 294, 30 South., 820, is that in that case the engineer of the railroad company before the accident, did not see the dog, being engaged in working his engine, while in this case the motorman saw the dog and did everything in his power to avoid the accident. And in this present case, it was shown in evidence that the dog was wandering along the railway track, unaccompanied by appellee, and fully half a mile from appellee's home, and had been frequently on the track before in this vicinity. There was no cut or embankment to prevent the animal from leaving the track. The motorman is shown to have constantly sounded his gong or bell as the car sped along. If the animal had turned just a few feet to the side, either way, the accident would not have happened.

In the *Holliday case, supra,* CALHOON, J., speaking for the court, said: "We think that this court, on the liability of railroad companies for killing dogs, went to the farthest limit, in *Jones* v. *Railroad Company,* 75 Miss., 970, 23 South., 358. We cannot hold a railroad company liable for running over a stray dog, under the facts in this record. The dog is one of the most intelligent of the inferior animals, alert, agile, quick, and might well be supposed to avoid such danger, which cannot be said of horses, mules, horned cattle or hogs." It is true that in the same

opinion the learned justice said that the above observations
would not apply where a dog was purposely run down, or where
the animal could have been seen in time for prevention of the in-
jury. But in the case at bar the dog was not purposely run
down. The motorman had the right to presume that the animal
would leave the track, and, on finding that it did not, he applied
the car-brake promptly. But for the wet and slippery rails, the
car would not have run over the animal.

The car was running in a very thinly settled suburb of the
city, where there were no residences anywhere near, there being
a travelled roadway on either side of the track. In fact, the car
was running down grade, propelled only by its own momentum
at the time and shortly before the injury. The court below
should have rendered judgment against appellee. *Kansas, etc.,
R. R. Co.* v. *Hawkins,* 82 Miss., 209, 34 South., 323 ; *Jones* v.
*Railroad Co.,* 75 Miss., 970, 23 South., 358.

As to the amount of damages awarded there was no evidence
to warrant a finding for $125, The appellee, owner of the dog
testified that he had been offered $100 for the dog, and that he
would not have sold the animal for $200, the sum demanded.
There was some testimony to the effect that a registered dog had
sold in the city for $85, and another for $150. Appellee's dog,
however, was not registered.

*Watkins & Watkins,* for appellee.

It is well established that if a dog is killed by a locomotive or
car on a railway track, the railroad company is liable in dam-
ages if its employes, at or just preceding the time of injury,
failed to use the care which persons of ordinary prudence would
ordinarily use under the circumstances. And whether or not
the omission of various precautions will or will not amount to
negligence, will depend upon the circumstances of the particular
case. In the present case, the court below decided that the fail-
ure of the appellant's motorman to decrease the speed of the
rapidly-moving car, until within half a car's length of the dog,

was gross negligence. And, as the case was tried before the court, a jury being waived, this court will not disturb the judgment *St. Louis, etc., R. R. Co.* v. *Hauks,* 78 Tex., 300, 11 L. R. A., 383, 14 S. W., 691; *Marshall* v. *Dallas, etc., R. R. Co.* (Tex. Civ. App.), 73 S. W., 63; *Citizens' Rapid Transit Co.* v. *Dew,* 100 Tenn., 317, 45 S. W., 790, 40 L. R. A., 518, 66 Am. St. Rep., 754; *Meisch* v. *Rochester, etc., Co.,* 72 Hun (N. Y.), 604; *West Chicago, etc., R. R. Co.* v. *Klecka,* 94 Ill. App., 346.

Learned counsel for appellant rely upon the case of *Mobile, etc., R. R. Co.* v. *Holliday,* 79 Miss., 294, 30 South., 820, to secure reversal, but there is a strong distinction and line of demarcation between the facts in that case and in the one at bar. In the *Holliday case,* the dog was killed by a locomotive pulling a heavy freight train, and had just passed a railroad station some three-quarters of a mile back; and, as the train was beginning to go up grade, the engineer necessarily had to see to the engine's lubricators and other matters pertaining to the engine, taking up about three or four minutes, in which time the train covered about a mile; and, as the fireman was engaged in firing, neither engineer nor fireman saw the dog which was run over and killed while the engineer and fireman were thus engaged in their necessary duties. But in the case at bar, it appears that the motorman saw the dog upon the track at least fifty yards in front of the moving car; that he did nothing to check the speed of the car; that the dog continued to run along the track for a considerable distance, evincing no intention of leaving the track; and paying no heed to the sounding of the gong or bell of the car or to the shouts of the motorman. Not until the car was almost upon the animal did the motorman attempt to stop the car, although it was known to him that, under the most favorable circumstances, the car, after having attained its then speed could not well be stopped within a distance of a car's length.

The case of *Jones* v. *Illinois, etc., R. R. Co.,* 75 Miss., 970, 23 South., 358, cited by counsel for appellant, is not authority here, for the question involved in that case was, whether or not the

injury to the animal was attributable to the speed of the train, and this question was one of fact for the jury's determination.

There is a distinction between the degree of care to be exercised in the handling and operation of a railroad train propelled by steam and the operation of a street-car propelled by electricity. In the case of a train propelled by steam, the momentum is much greater and the train much heavier of the two and the train's speed is not usually developed in passing through crowded highways, and when its speed is developed a considerable distance is required before a stop can be made. On the other hand, a street-car, because of its lighter weight, and its powerful brake, can be easily and quickly stopped. It it nearly always operated through crowded city streets, where persons are often crossing the car-track and where the car's passage is sometimes blocked by wagons and drays. It is made to be checked suddenly, whether at the hail of an intending passenger or because of objects or persons being upon the track immediately in front of the car. Hence, whatever may be the rule in regard to the care necessary as to engineers of trains, the care necessary upon the part of a motorman of an electric street-car should be such as to guarantee to the public of our crowded cities the highest degree of protection at all times.

Calhoon, J., delivered the opinion of the court.

This record presents a recovery of damages against the appellant, operating a trolley car line, for killing a dog, and it comes here from the finding of the circuit judge, who sat by agreement, the jury being waived, to try the facts as well as the law. The judge gave judgement for the plaintiff, and we do not think his conclusion should be disturbed as to the value of the animal. It was manifestly a very valuable dog, with a high reputation as a hunter.

Under the authorities we think the judge was also right on the law of the case as applied to the facts. This is a widely different case from that of *Mobile, etc., R. R. Co.* v. *Holliday,*

79 Miss., 294, 30 South., 820. There the killing was done by a locomotive pulling a heavy freight train in an open prairie three-fourths of a mile from a station and where the animal was not seen by the engineer or fireman; they both being engaged in necessary matters about their engine. It is expressly there stated that the observations of that opinion do not apply where a dog was purposely run down, or where the killing was the result of gross negligence. *Kansas City, etc., R. R. Co.* v. *Hawkins,* 82 Miss., 209, 34 South., 323, while it refers to the movements of steam railroad trains, is more similar to the case at bar; but even it is not so strong as the one before us. Here the killing was done under circumstances, as the court below believed, showing that, on a public street in the suburbs of the city of Jackson, going down hill on a wet day, the trolley car was following this dog in the center of the track for one hundred and fifty yards. It is true the bell was ringing all the time; but it is also true that there was no action taken to get the car well in hand, so as to permit of promptly stopping it, until it was nearly on the dog, when there was a vigorous effort to stop, but which came too late.

On the whole case, we see no reason to interfere with the result below. The authorities will be found in the briefs of counsel.

*Affirmed.*