McDonald *et al. v.* Collins.*

(Division A. Dec. 13, 1926.)

[110 So. 663. No. 26012.]

Automobiles. *Instruction making automobile driver liable for killing dog because he had passed horsemen at unlawful speed held erroneous (Laws 1916, chapter 116, section 3).*

Instruction in action for killing of dog by automobile after it had, in violation of Laws 1916, chapter 116, section 3, passed, at greater speed than eight miles per hour, horses ridden on highway, that if defendant so passed them, he was liable for damages caused thereby, and jury should find for plaintiff irrespective of his subsequent efforts to slow down, *held* erroneous as depriving him of his defense that dog ran in front of car after it slowed down, and making him liable for a thing of which his illegal act was not the proximate cause.

*Corpus Juris-Cyc. References: Motor Vehicles, 28 Cyc., p. 49, n. 49.

Appeal from circuit court of Forrest county.
Hon. R. S. Hall, Judge.

Action by E. T. Collins against James McDonald and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

*E. L. Wingo,* and *Currie, Smith, Stevens & Currie,* for appellants.

The instruction complained of tells the jury that it makes no difference whether the defendant was negligent or not if he undertook to run his automobile past horses being used upon the public highway for riding purposes faster than eight miles an hour, that he is liable for all damages caused thereby, regardless of his efforts after passing the horses to slow down his speed. We are unable to comprehend the applicability of this instruction.

The instruction is necessarily prejudicial because it amounts to telling any average person that under the law McDonald is absolutely liable for killing the dog, regardless of how it happened, provided only that he passed the owner of the dog on horseback at sometime at a greater rate of speed than eight miles an hour. Under this instruction the defendant would have been liable for killing the dog if the automobile had been absolutely stopped and the dog had run into the car.

Suppose the defendant was running nine miles per hour when he passed the horses and promptly slowed down to five miles per hour before reaching the dog, or suppose the dog was one hundred and sixty feet behind the horses, as the defendant's witnesses testified, and the defendant slowed down, still under this instruction the defendant would be absolutely liable.

There is no proof that McDonald was traveling faster than eight miles an hour at the time the dog was struck. Negligence is a question of fact and depends upon all the circumstances and certainly running a truck past two men riding horseback, admittedly some distance away from the dog, could not be the proximate cause of the injury and could not be the legal criterion of negligence at the time of striking the dog. See *Jones* v. *I. C. R. R. Co.,* 23 So. 358; *A. & V. R. R. Co.* v. *Carter,* 27 So. 993; *Clisby* v. *M. & O. R. R. Co.,* 29 So. 913.

*F. M. Morris,* for appellee.

Section 3, chapter 116, Laws of 1916, provides that "no person operating or causing to be run a motor vehicle which passes a person driving a horse or other dumb animals or persons walking in the road shall go at a greater rate of speed than eight miles per hour." Section 12 of this act makes all persons violating any provisions of the acts liable for their acts contrary to the provisions of the law.

According to the appellant's own testimony if he had been obeying the law in driving the truck at a rate of speed of eight miles per hour, he could have stopped his motor car in time to prevent any damage to the appellee, but by reason of the speed with which his automobile was going the appellee was damaged by the killing and loss of said dog as is shown by appellant's own testimony.

Under the proof the jury was properly instructed as to the law. The judgment of the lower court should be affirmed.

McGowen, J., delivered the opinion of the court.

E. T. Collins, appellee, filed an elaborate declaration in the justice of the peace court against appellants, James McDonald and Mrs. Lottie McDonald, and the McDonald Grocery Company, claiming damages caused by James McDonald's running over and killing an English bulldog belonging to plaintiff. The justice of the peace rendered judgment in favor of the plaintiff for one hundred dollars. The case was then appealed to the circuit court, where judgment was rendered in favor of plaintiff for the same amount, from which judgment McDonald and others are prosecuting this appeal.

The tragedy occurred on the Rawls Springs and Hattiesburg highway. The plaintiff, Collins, was traveling from Hattiesburg on horseback, while McDonald was coming toward Hattiesburg driving in a Ford car. The plaintiff's proof further shows that the dog belonging to him was ten or fifteen feet behind him (Collins) and his son, both of whom were riding together, each on a horse abreast. Plaintiff's testimony tended to show that McDonald was driving his car when he passed these two horses and their riders at about twenty or twenty-five miles an hour, and that appellant cut in on the left-hand side of the road immediately to the rear of the horsemen and deliberately ran over the dog after hav-

ing passed the horsemen and horses at a greater rate of speed than eight miles an hour.

Each side introduced a number of witnesses. The defense was that the dog was killed by running across the road from the right of McDonald in front of his car, and that the car had practically stopped at the time the dog was hit. McDonald drove on not knowing that the dog had received its death blow from the automobile.

It was contended in the declaration that James McDonald was the agent of Mrs. McDonald and the McDonald Grocery Company, and for that reason the McDonald Grocery Company, Mrs. McDonald, and James McDonald were liable. The court submitted the question of this agency to the jury. We do not think that there was sufficient testimony to show the liability of the McDonald Grocery Company and Mrs. Lottie McDonald. The two defendants, however, did not ask for a peremptory instruction in the court below. There were many errors assigned, but we shall only notice one—the giving of an instruction for the plaintiff which was erroneous and which entitles the appellant to a reversal of his case. The instruction is in the following language:

"The court instructs the jury that under the law, whether or not the defendant was negligent, if the defendant undertook to run his automobile past horses being used upon the public highway for riding purposes at a faster rate than eight miles per hour, then he is liable for any and all damages caused thereby, irrespective of his effort after passing such horses to slow down his speed to within the law, and if you believe the defendant did run his automobile faster than eight miles per hour by such horses so used in the public highway by the preponderance of the testimony, then you should find for the plaintiff to such sum as will compensate him fully for his damages."

This suit is based on sections 3, 8, and 12 of the Laws of 1916, chapter 116, and particularly upon section 3, which is as follows:

"No person running or operating, or causing to be run or operated a motor vehicle, shall pass a person driving a horse or horses or other domestic animals, or foot passengers walking in the roadway of the highway, at a greater rate of speed than eight miles per hour, nor pass a public school, in school days, when school is held, between the hours of eight o'clock *ante* meridian and four o'clock *post* meridian, or pass a building of public worship on the Sabbath day during the usual hours of service, at a greater rate of speed than eight miles per hour, or cross a levee or causeway where the traveled portion of the roadbed is less than twenty feet wide at a greater rate of speed than ten miles per hour."

The violation of this and other sections is made a misdemeanor punishable by fine and imprisonment.

By the above instruction, the jury were informed that driving at a faster rate than eight miles an hour while passing horses used on the public highway would create liability for the killing of the dog, regardless of the defendant's care and caution in approaching the dog. It does not appear from this record that the untimely death of the dog was caused by the rapid rate of speed at which the defendant traveled past the horses ridden by the plaintiff and his son. There is no connection shown between the dog's death and the driving of the automobile propelled by gasoline at a greater rate of speed than eight miles an hour while passing the horses. No injury is alleged to either of the horses or to the human riders thereof.

We think that this broad interpretation of the above-quoted statute reflected by this instruction cannot be applied thereto, and that the instruction, above quoted, cut off consideration of the testimony of the defendant to the effect that the dog ran from the wrong side of the road between the two stationary cars in front of defendant's automobile, and to the effect that defendant was not driving at so great a rate of speed as eight miles an hour when his car hit the dog.

Upon the evidence adduced in this record, Mrs. McDonald and the McDonald Grocery Company were not liable. We think the above-quoted instruction was calculated to mislead the jury and deprive the defendant of the consideration of the jury of his defense, and was also calculated to influence the jury in the verdict rendered. Driving the automobile rapidly past the horses and horsemen cannot be said to be the proximate cause of the injury to the dog. *Jones* v. *Railroad Company,* 75 Miss. 970, 23 So. 358; *Clisby* v. *Mobile & O. R. Co.,* 78 Miss. 937, 29 So. 913, and authorities there cited.

*Reversed and remanded.*