**CHAMBERS, Plaintiff-Appellee, v. ROBERT, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5918. Decided January 27, 1958.

Reeves & Herron, Robert L. Herron, of Counsel, Columbus, for plaintiff-appellee.

Power, Griffith & Jones, Sidney Griffith, J. Raymond Prohaska, of Counsel, Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

This is a law appeal from the judgment of the Common Pleas Court in favor of the plaintiff-appellee and entered upon the verdict of a jury. The action was one for damages growing out of an automobile collision which occurred at the intersection of East Main Street and Parsons Avenue, in the City of Columbus, Ohio, both of which are public thoroughfares, and traffic at said intersection being controlled by a duly erected traffic light. Main Street runs in a general easterly and westerly direction and Parsons Avenue in a northerly and southerly direction. The plaintiff was a passenger in a 1946 Packard automobile, being driven north on Parsons Avenue by her husband, and the defendant was driving a 1955 Ford automobile east on Main Street.

The case went to the jury upon two specifications of negligence set forth in the petition, to wit:

(1) That defendant failed to yield the right of way to the motor vehicle in which the plaintiff was a passenger, and

(2) That the defendant failed to apply his brakes, swerve or divert the course of his motor vehicle to avoid striking the motor vehicle in which the plaintiff was a passenger.

The issues of the case involved a determination of which vehicle had the green light in its favor and was, therefore, entitled to the right of way through the intersection, and also whether or not the defendant exercised ordinary care after observing the northbound car in the intersection. There was a direct conflict in the testimony as to which car had the green light upon entering the intersection.

The record reveals that during the course of the direct examination of one of the plaintiff's witnesses, a blackboard was used on which appeared an unscaled drawing of the intersection, and the witness depicted the relative positions of the two vehicles within the intersection during, before and after the collision. At the close of this witness' examination, the plaintiff obtained the court's permission to take a photograph of the said blackboard as it then appeared. Thereafter, the photograph was taken and admitted into evidence over the defendant's objections and identified as plaintiff's Exhibit "E."

The first assignment of error urges that the court committed prejudicial error in the admission of this exhibit into evidence. The admission of the photograph is tantamount to the admission of the blackboard itself into evidence.

In the case of **Miller v. Loy, 101 Oh Ap 405**, this court held that such a blackboard was not competent evidence. In the cited case Judge Fess says at page 407:

"* * * The use of blackboards at a trial is common practice. The extent to which a blackboard sketch may be used also rests in the sound

discretion of the trial court. Cincinnati Street Ry. Co. v. Waterman, 50 Oh Ap 380, 198 N. E., 494. Cf. Gibson v. Johnson, 69 Oh Ap 19, 42 N. E. (2d), 689; Burnside v. Cincinnati St. Ry. Co., 93 Oh Ap 456, 113 N. E. (2d), 638; 9 A. L. R. (2d), 1044, 1074. It has been held that counsel may use diagrams and calculations not in evidence, in argument to the jury. 88 Corpus Juris Secundum, 348, Section 177, citing Clisby v. Mobile & Ohio Rd. Co., 78 Miss., 937, 29 So., 913; Haley v. Hockey, 199 Misc., 512, 103 N. Y. Supp. (2d), 717. It is to be observed, however, that upon objection timely made the jury should be instructed that neither such diagram nor argument of counsel is evidence. Since neither the arguments of counsel nor a photograph of the writing upon the blackboard is incorporated in the record, no error appears."

We adhere to our ruling in the above cited case and conclude that Exhibit "E" should not be admitted into evidence and, in so doing, the court committed error. The question, therefore, arises whether or not the error was prejudicial to the defendant. We note that counsel for the defendant said in his statement of the case on page 3 of his brief:

"The central issue of the case involved the determination of which vehicle had the green light in its favor and was thereby entitled to the right of way through the intersection."

Now just how could this photograph, depicting the position of the cars, in any way influence the jury into believing that the traffic signal was green or red for the drivers of either of the automobiles when they arrived at the intersection?

An examination of plaintiff's Exhibit "E" reveals that it contains a drawing of the intersection of Parsons Avenue and Main Street, showing five cars located at different places in or near the intersection. The map does not indicate the color of the traffic light at any time for either of the approaching cars. Neither does it indicate whether or not the defendant exercised ordinary care in an attempt to avoid the collision. These were the questions for the determination of the jury, and it is our conclusion that admission of the exhibit under consideration could not have been prejudicial to this defendant and therefore, the admission of the same does not constitute reversible error.

It is next urged that the court erred to the prejudice of the defendant in its general charge to the jury. We have examined the charge in its entirety and are of the opinion that the charge correctly states the law applicable to the issues presented, and this assignment is not well taken.

Finally, it is urged that the verdict of the jury is excessive and against the manifest weight of the evidence. Our examination of the record, relevant to this assignment of error, discloses that there was a conflict in the evidence as to the extent of the plaintiff's injury. If credence is given to that offered in behalf of the plaintiff, then we cannot say that the verdict is excessive or against the manifest weight of the evidence. The jury heard and saw the various witnesses and it was required to determine the weight to be given to their testimony. In so doing, we cannot say that the verdict is not supported by the proper degree of proof.

136

Finding no prejudicial error in the record, the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.